EXHIBIT 4

**DECLARATION OF BAHER AZMY IN SUPPORT OF PETITIONERS' OPPOSITION TO THE GOVERNMENT'S MOTION TO EXAMINE PRIVILEGED ATTORNEY-CLIENT INFORMATION**

I, BAHER AZMY, pursuant to 28 U.S.C. § 1746, hereby declare and say as follows:

1. I am a professor of law at Seton Hall Law School in Newark, New Jersey and a practicing attorney in good standing, admitted *pro hac vice* to this Court. I am counsel for Petitioner Murat Kurnaz, No. 04-CV-1135 (ESH), and submit this declaration in support of Petitioners' Opposition to the Government's Motion to Examine Privileged Attorney-Client Information.

2, On February 25, 2005, in accordance with the procedures set forth in the protective order governing these *habeas* cases, I submitted a handwritten set of notes to the privilege team for a classification review of their contents.

3. On March 3, 2006, I received a faxed copy of these handwritten notes in my office in Newark, New Jersey, from Mary Cradlin of the Department of Justice Court Security Office. (A copy of the notes and the accompanying fax cover sheet are attached as Exhibit A.) The faxed document had a "SECRET" notation stamped on each of its two pages. However, the accompanying fax cover sheet from Ms. Cradlin stated, "I've redacted your notes as requested." Indeed, each paragraph of the document had a "(u)" designation next to it, demonstrating that the privilege team considered the content of that paragraph unclassified.

4. Nevertheless, because the document retained a "SECRET" marker, I called Mary Cradlin to ensure that she had not made a mistake in sending me a secret document through an unsecured fax line. She explained to me over the phone, that there was one statement in the notes that rendered the document "secret." However, the privilege team had whited-out that one statement from the notes in order to render the

document sent to me by fax, actually unclassified. One can in fact observe that on the second page of the document, there are lines that appear to have been whited-out, as Ms. Cradlin described. Ms. Cradlin assured me that the document in this form was not in fact "secret"; that it was actually unclassified and I could treat it as such despite the "SECRET" designation that still appeared on it.

I declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: July 19, 2006
       Newark, New Jersey

                                                                         _____
                                                                            Baher Azmy

# EXHIBIT A



**Department of Justice**
Compliance Review and Litigation Security Group
Security and Emergency Planning Staff

20 Massachusetts Ave, NW
Room 5300
Washington, D.C. 20530-0001
PHONE: (202) 514-9016
       (202) 514-4692
FAX:   (202) 307-2066

## FAX COVER SHEET

FROM: Mary Cradlin
PHONE: 202 514 9016
FAX: 202 307 2066

TO: NAME: Baher Azmy
ORG:
PHONE:
FAX: 973 642 8295

COMMENTS:

Here are your notes and letter as requested. I've redacted your notes so they are unclassified. Thanks,
Mary Cradlin

Total Number of Pages Sent (including cover sheet) 6

* Copies are also being fedex'd.

Please telephone (202) 514-9016 if there were any problems with this transmission.

03/04/05 FRI 16:06 FAX 202 305 7872    LITIGATION SEC.    ☐002

# SECRET

1/2

**MEMORANDUM**

TO: CHRISTINE GUNNING

FR: BAHER AZMY

RE: KURNAZ CLASSIFICATION REVIEW (u)

DATE: FEB 25, 2005

Christie,

(u) Please tell me which of the following statements I can make. Which are only general characterizations (advocacy) based on classified material but are not specific + many no names/sources

(u) 1. Mr. Kurnaz's classified file/return demonstrates that the U.S. government knows he has no connection to Al Quaeda or the Taliban.

(u) 2. Judge Green's opinion recognizes that Mr. Kurnaz's classified file contains numerous exculpatory statements by U.S. gov't officials.

(u) 3. Mr. Kurnaz's classified file reveals that the US gov't concluded that he should be released or transferred from Gtmo.

(u) 4. Judge Green's opinion recognizes that Mr. Kurnaz's counsel was not presented with the sensitive

**SECRET**

03/04/05  FRI 16:06 FAX 202 305 7872      LITIGATION SEC.                    ☐003

MEMO TO C. GUNNING, cont'd                                      2/2

**SECRET**

source of the information that justified his detention, which violates due process.

(u) 5. The redacted portions of Judge Green's opinion relating to Mr. Kurnaz, contain a lengthy discussion of exculpatory evidence ignored by US gov't in designating M.K. as an "enemy combatant."

*Note - these statements are general characterizations; may do not reveal the source of the information viewed the various reports/statements.*

(u) 6. Judge Green concluded in her opinion that due process requires that M.K. or counsel see the exculpatory evidence ~~that was in~~ M.K.'s classified file before the CSRT proceeding against him occurred.

(u) 7. Judge Green cited to no less than 4 statements in Mr. Kurnaz's classified file which conclude that he has no real connection to Al Qaeda or the Taliban.

Reports

**SECRET**