IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AL AMIN, *et al.* <br> *Petitioners/Plaintiffs,* <br><br> v. <br><br> GEORGE W. BUSH, *et al.* <br> *Respondents/Defendants.* | ) ) ) ) ) ) Civil Action No. 05-02336 (PLF) ) ) ) ) ) ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION FOR FACTUAL RETURNS

Petitioner Mohammed Al Amin ("Petitioner"), by counsel, respectfully submits this Memorandum of Points and Authorities in Support of his Motion for Factual Returns. Requiring Respondents to file unredacted factual returns within seven (7) days and redacted factual returns within fourteen (14) days will provide much needed factual information to assist counsel in preparing for their next trip to Guantanamo Bay to meet with their client and will impose a minimal burden on Respondents. Counsel for Petitioner are planning a trip to Guantanamo to interview Petitioner in September – the utility of which will be severely undermined without Petitioner's factual returns – and are also preparing a fact finding trip to Petitioner's home in Mauritania, the value of which is further hindered if counsel are forced to arrive with little to no knowledge of the basis for Petitioner's continued detention.

Moreover, the government has not requested a stay here, so ordering production of Petitioner's factual returns will not violate any standing order currently in place in this action. Courts in this District, including this Court, have already granted such motions and/or provided similar relief – *see, e.g., Akhtiar v. Bush*, No. 05-CV-01635-PLF (Dkt. No. 10); *Sharif el-*

*Mashad v. Bush*, No. 05-CV-270 (JR); and *Allaheed v. Bush*, No. 05-CV-833 (JR) -- even where a stay is in place. Thus, Petitioners respectfully request this Court similarly do so here.

Prior to filing this motion, counsel for Petitioner requested Respondents produce Petitioner's factual returns -- Respondents have refused and oppose this motion. Accordingly, Petitioner respectfully requests the Court order the prompt production of these factual returns.

## BACKGROUND

On December 6, 2005, Petitioner filed a Writ of Habeas Corpus to compel Respondents to release Petitioner or establish in this Court a lawful basis for Petitioner's detention through, *inter alia*, production of applicable factual returns. This petition was assigned to this Court. More than eight months later, Respondents have still not responded to Petitioner's Writ, or, moreover, even produced Petitioner's factual returns.

The only indication counsel for Petitioner has regarding Respondents' grounds for detention of Petitioner is a partial Combatant Status Review Tribunal ("CSRT") report found on the internet that is presumed to be the CSRT report attributable to Petitioner, but which is so facially deficient,[1] that it is imperative that counsel for Petitioner be advised of what other, if any, evi-

---

[1] Indeed, the CSRT report discovered on the internet does not contain a single allegation that Petitioner committed *any* belligerent act. In fact, the first three allegations concern Petitioner's attempted travel, including an attempt to obtain forged documents, an offense which hardly merits the seemingly indefinite detention currently suffered by Petitioner. Mr. Al Amin, a Mauritanian citizen, was apparently, like many detainees, sold for a bounty by Pakistani mercenaries. *See, e.g.*, Report on Guantanamo Detainees: A Profile of 517 Detainees through Analysis of Department of Defense Date, by Mark Denbeaux *et al.*, Seton Hall University School of Law (2006), at 2-3, *available* at http://www.law.shu.edu/news/guantanamo_report_final_2_08_06.pdf. (finding 86% of the detainees now at Guantanamo were arrested and placed in U.S. custody by Pakistan or the Northern Alliance, at a time when the United States was offering large boun-
(continued...)

2

dence Respondents have to support Petitioner's indefinite detention. Counsel should not be reduced to trolling the internet in search of documents that Respondent has already released to the press in order to obtain information about their client.

Moreover, Mr. Al Amin informed counsel during their initial meetings that his last interrogation was over one year ago, and that his interrogators told him then that they believed he had no connection to the attacks on America and no connection with Al Qaida. Thus, he does not understand why he continues to be held. His case has been highlighted by Amnesty International as an example of the problems at Guantanamo. *See* Exhibit A.

Accordingly, it is imperative that counsel for Petitioner be allowed to examine what factual basis, if any, justifies Petitioner's continued detention so that they may effectively represent him.

## ARGUMENT

Requiring Respondents to promptly file a return will impose a minimal burden. Respondents have described the factual returns in other cases as follows:

> A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues in the cases. Factual returns include both classified and unclassified materials.

Resp. Mot. to Stay Proceedings Pending Related Appeals and for Cont'd Coordination (hereinafter "Resp. Mot. to Stay") (Mar. 14, 2005) at 10 n.9, *Aziz v. Bush*, 1:05-CV-00492(JR) (Dkt. No. 3).

---

ties for the capture of suspected terrorists). Mr. Al Amin alleges that he was tortured by the Pakistanis into providing false information.

3

Moreover, during an April 6, 2005 status conference in *Sharif el-Mashad v. Bush*, No. 05-CV-270 (JR), Respondents stated that, as of Fall 2004, they had completed all proceedings before the Combatant Status Review Tribunals ("CSRT") to determine whether Guantanamo detainees were legitimately classified as "enemy combatants." Hr'g. Tr. at 6 (Apr. 6, 2005).[2] Thus, producing the returns at this time requires no more than photocopying and transmitting this material.

Respondents have already been ordered to produce factual returns in short time frames in a number of cases, and have complied, apparently without difficulty. Courts have required Respondents to file these factual returns in a matter of days - an obligation with which Respondents were able to comply without issue. *See, e.g., Errachidi v. Bush*, No. 05-CV-0640 (D.D.C. Apr. 21, 2005) (docket entry requiring Respondents to show cause in seven (7) days time; Respondents filed factual returns on April 26); Order, *Abdullah v. Bush*, No. 05-CV-0023 (D.D.C. Apr. 8, 2005) (requiring Respondents to file factual returns by April 14, 2005; Respondents again filed in time).[3]

---

[2]  The April 6, 2005 hearing transcript is attached hereto as Exhibit B.

[3]  Further examples of cases where the government has been ordered to provide Petitioners with their factual returns include: *Batarfi v. Bush*, No. 05-409 (EGS)(ordered respondents on 7/20/05 to file returns by 8/4/05); *Abdullah v. Bush*, No. 05-023(RWR)(ordered on 4/8/05 to file factual returns by 30 days after the entry of the protective order in that case); *Ameziane v. Bush*, No. 05-0392(ESH)(ordered on 4/12/05 to provide factual returns within 90 days); *Al Joudi v. Bush*, No. 05-0301(GK)(ordered on 4/29/05 to provide factual returns by 8/1/05); *Al Mohammad v. Bush*, No. 05-0247(HHK)(ordered on 4/30/05 to provide factual returns within 45 days); *Battayav v. Bush*, No. 05-0714(RBW)(ordered on 5/19/05 to provide factual returns in 120 days); *Al-Wazan v. Bush*, No. 05-0329(PLF)(ordered on 6/14/05 to provide factual returns within 90 days); *Hatim v. Bush*, No. 05-01429(RMU)(ordered on 8/22/05 that the respondents shall show cause by 8/29/05).

Indeed, in many of the above cases, factual returns were ordered despite a stay of proceedings. There is no such stay in this case. Nonetheless, in *Abdullah*, the Court entered an order for a stay, but still ordered respondents to provide petitioners with factual returns. No. 05-0023(RWR). In *Al Anazi*, the Court granted an order to show cause, explicitly stayed that order, but still ordered that respondents provide petitioners with the factual returns. *Al Anazi v. Bush*, No. 05-CV-00345 (JDB) (D.D.C. Apr. 21, 2005), Dkt. No. 21.

In *Hatim*, the Court ordered a stay, granted an order to show cause, and ordered respondents to provide factual returns. *Hatim v. Bush*, No. 05-CV-01429 (D.D.C. Aug. 22, 2005), Dkt. No. 16. Significantly, the Court in that case reasoned "[t]he fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. Finally, the government's generic references to the expenditure of its resources and a 'logistical burden' does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task." *Hatim*, Dkt. No. 16. Accordingly, respondents were given one week to "show cause." *Id.*

Courts in this District have also observed that the purported jurisdiction-modifying provisions of the Detainee Treatment Act, Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742, (which are the subject of dispute) do not act as a bar to courts ordering Respondents to provide to Petitioners their factual returns. *See, e.g., Al-Ghizzawi v. Bush*, No. 05-2378 (JDB) (Dkt. No. 23) ("Because 'the factual return[] appear[s] necessary for ... counsel effectively to represent petitioner[]' and 'even initial conversations [between counsel and client] may be very difficult with-

5

out access to that basic factual information,' the Court will require respondents to produce the factual return to petitioner's counsel."(internal citation omitted)).

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Factual Returns should be granted and unredacted returns ordered within 7 days and unclassified redacted factual returns ordered within 14 days. Furthermore, Respondents should supplement these returns should the information contained within them change.

DATE: August 18, 2006

*/s/ Agnieszka Fryzman*
Michael D. Hausfeld (DC153742)
Agnieszka M. Fryzman (DC459208)
Avi S. Garbow (DC445399)
Matthew K. Handley (DC489946)
Jason M. Leviton (DC495460)
Matthew B. Kaplan (DC484760)
**COHEN MILSTEIN HAUSFELD & TOLL**
1100 New York Ave, NW, Suite 500W
Washington, DC 20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

John Holland (CO 5246)
Anna Cayton-Holland (CO 35811)
**LAW OFFICES OF JOHN HOLLAND**
2150 W. 29th Ave, Suite 500
Denver, CO 80211
Telephone:  (303) 860-1331
Facsimile:  (303) 832-6506

6