IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED AL AMIN, *et al.*,<br>*Petitioners/Plaintiffs*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>*Respondents/Defendants.* | )<br>)<br>)<br>)<br>) Civil Action No. 1:05-CV-02336 (PLF)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR ENTRY OF PROTECTIVE ORDERS

Petitioner Mohammed Al Amin, together with his Next Friend, respectfully request that the Court enter in this case the three standard Guantánamo Protective Orders: the Amended Protective Order and Procedures for Counsel, Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information" entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004, in the *In re Guantánamo Bay Detainee Cases*, Civil No. 02-0299, *et al.*, by Judge Joyce Hens Green. *See, e.g., Akhtiar v. Bush*, 05-1635 (PLF) (D.D.C. Sept. 26, 2005) (adopting these Orders). Copies of these Orders are attached as Exhibits 1-3 to this Memorandum.

The Government conditions the right of prisoners at Guantánamo to meet with and to otherwise communicate with their attorneys upon entry of such protective orders. *See Al Odah v. United States*, 346 F. Supp. 2d 1 (D.D.C. 2004). Entry of the Standard Protective Orders would

allow Mr. Al Amin's attorneys the same access as has been granted counsel in other pending Guantánamo detainee cases, including the ability to make additional visits to Mr. Al Amin at Guantánamo and to continue to send him attorney-client mail by way of the legal mail procedures outlined in the Protective Orders.

In fact, in this case, counsel have already met with Petitioner. On December 13, 2005, in response to Petitioner's *writ of habeas corpus,* Respondents filed a Notice of Multiple Petitions arguing, without evidentiary support, that Mr. Al Amin had previously filed a *habeas* petition as Ahamed Abdul Aziz, No. 05-CV-0492 (JR). See *Al Amin v. Bush,* No. 05-CV-02336-PLF, Dkt. No. 4. On December 15, 2005, Petitioner's counsel ("Counsel") responded, and attached exhibits attesting to the separate identities of Mr. Al Amin and Mr. Aziz. *Id.,* Dkt. No. 6, including Exhibits A and B. On December 20, 2005, Respondents acknowledged their error, and filed a Supplemental Notice of Multiple Petitions in which they said that "the prior identification of petitioner Mohammed Al Amin as Detainee . . . [Aziz] . . . should be disregarded." *Id.* Dkt. No. 7. Respondents then claimed that Mr. Al Amin was represented in *Sliti v. Bush,* No. 05-CV-429. *Al Amin,* Dkt. No. 7. A protective order had already been entered in that case. (*Sliti v. Bush,* No. 05-CV-429, Dkt. 8). Thus, in March 2006, the Department of Justice permitted Counsel for Al Amin to travel to Guantánamo Bay to resolve any ambiguity. Counsel believed it was imperative that they meet with this individual in order to clarify that he was (or was not) their client, Mr. Al Amin. This was especially important because it had been reported to counsel that Mr. Al Amin had been hunger striking for several months and Counsel wanted to determine his current health status. During the visit, it became apparent that this petition was appropriately

2

filed on behalf of petitioner Al Amin.[1] Consequently, it is now appropriate to enter the Amended Protective Order in this case.

Pursuant to Local Civil Rule 7(m), Counsel has conferred with Respondents' counsel regarding the relief sought in this motion. Despite the fact that Respondents have already permitted counsel to travel to Guantanamo and meet with Petitioner, Respondents' counsel oppose this motion solely on the grounds that this Court lacks jurisdiction over this case after passage of the Detainee Treatment Act, Pub. L. No. 109-148 ("DTA"). This objection is without merit. Courts in this jurisdiction, including this Court, have not hesitated to enter protective orders, enabling counsel to see and communicate with their clients, despite the dispute over the effect of the DTA, reasoning, in part, that the DTA does not, under any interpretation, strip Petitioners of all right to counsel whatsoever. For example, post-DTA protective orders have been entered in the following cases:

1. *Al-Sopai v. Bush*, 05-CV-1667 (D.D.C. Jan. 4, 2006) (Walton)
2. *Khiali-Gul v. Bush*, 05-CV-877 (D.D.C. Jan. 6, 2006) (Robertson)
3. *Bostan v. Bush*, 05-CV-883 (D.D.C. Jan. 9, 2006) (Walton)
4. *Mohammad v. Bush*, 05-CV-879 (D.D.C. Jan. 9, 2006) (Walton)
5. *Wahab v. Bush*, 05-CV-886 (D.D.C. Jan. 10, 2006) (Sullivan)
6. *Labed Ahmed v. Bush*, 05-CV-1234 (D.D.C. Mar. 2, 2006) (Sullivan)
7. *Almerfedi v. Bush*, 05-CV-1645 (D.D.C. Mar. 6, 2006) (Friedman)
8. *Razakah v. Bush*, 05-CV-2370 (D.D.C. Mar. 17, 2006) (Sullivan)
9. *Thabid v. Bush*, 05-CV-2398 (D.D.C. Mar. 21, 2006) (Huvelle)
10. *Ahmed v. Bush*, 05CV1234 (D.D.C. Mar. 21, 2006) (Sullivan)
11. *Awad v. Bush*, 05-CV-2379, (D.D.C. Apr. 11, 2006) (Robertson)
12. *Al Shareef v. Bush*, 05-CV-2458 (D.D.C. Apr. 12, 2006) (Roberts)
13. *Alsaaei v. Bush*, 05-CV-2369 (D.D.C. Apr. 12, 2006) (Roberts)
14. *Said v. Bush*, 05-CV-2384 (D.D.C. Apr. 12, 2006) (Roberts)
15. *Zadran v. Bush*, 05-CV-2367 (D.D.C. Apr. 12, 2006) (Roberts)
16. *Al Salami v. Bush*, 05-CV-2452 (D.D.C. Apr. 14, 2006) (Friedman)
17. *Faizullah v. Bush*, 05-CV-01489 (D.D.C. April 21, 2006) (Urbina)
18. *Sohail v. Bush*, 05-CV-00993 (D.D.C. April 21, 2006) (Urbina)
19. *Al-Ghizzawi v. Bush*, 05-CV-02378 (D.D.C. June 2, 2006) (Bates)

---

[1] Counsel have conferred with Respondents regarding the identification of their client, and Respondents do not oppose entry of the protective order on this basis. Although, as described below, Respondents object on other grounds.

3

20. *Amon v. Bush*, 05-CV-1493 (D.D.C. June 6, 2006) (Walton)
21. *Nasrullah v. Bush*, 05-CV-00891 (D.D.C. June 12, 2006) (Walton)
22. *Al-Khalaqi v. Bush*, 05-CV-999 (D.D.C. June 15, 2006) (Walton)
23. *Mohammon v. Bush*, 05-CV-2386 (D.D.C. June 27, 2006) (Walton)
24. *Haleem v. Bush*, 05-CV-2376 (D.D.C. June 30, 2006) (Walton)
25. *Al Darby v. Bush*, 05-CV-2371 (D.D.C. July 3, 2006) (Lamberth)
26. *Al Harbi v. Bush*, 05-CV-2479 (D.D.C. July 5, 2006) (Kennedy)
27. *Muhibullah v. Bush*, 05-CV-884 (D.D.C. Aug. 1, 2006) (Collyer)
28. *Nabil v. Bush*, 05-CV-1504 (D.D.C. Aug. 1, 2006) (Collyer)
29. *Aboassy et al v. Bush*, 05-CV-0748 (D.D.C. Aug. 1, 2006) (Collyer)

Respondents' argument is further weakened by the fact that Counsel have already been permitted to initiate contact with their client and to begin establishing an attorney-client relationship. There can be no justification for abruptly severing this relationship, based on the initial confusion over the identity of Mr. Al Amin. Finally, Respondents' argument has already been rebuffed by the Supreme Court, which recently held that the DTA "does not strip federal court's jurisdiction over cases pending on the date of the DTA's enactment." *Hamdan v. Rumsfeld*, 126 S.Ct. 2749, 2769 (2006). *Cf. id.* at 2810, 2817-18 (Scalia, J. dissenting).

A proposed Order is attached as Exhibit 4. Although Petitioner is moving for entry of the Amended Protective Order, he reserves the right to challenge or seek modification of any particular terms of the Amended Protective Orders in the future, and to ask this Court to review any designation made by respondents of particular information as "protected," as may be appropriate.

DATE: August 18, 2006

*Agnieszka Fryszman*
Michael D. Hausfeld (DC153742)
Agnieszka M. Fryszman (DC459208)
Avi S. Garbow (DC445399)
Matthew K. Handley (DC489946)
Jason M. Leviton (DC495460)
Matthew B. Kaplan (DC484760)
**COHEN MILSTEIN HAUSFELD & TOLL**
1100 New York Ave, NW, Suite 500W
Washington, DC 20005
Telephone:   (202) 408-4600
Facsimile:   (202) 408-4699


John Holland (CO 5246)
Anna Cayton-Holland (CO 35811)
**LAW OFFICES OF JOHN HOLLAND**
2150 W. 29th Ave, Suite 500
Denver, CO 80211
Telephone:   (303) 860-1331
Facsimile:   (303) 832-6506