IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED AL AMIN, *et al.*,

Petitioners,

v.

GEORGE W. BUSH,
President of the United States,
*et al.,*

Respondents.

Civil Action No. 05-CV-2336 (PLF)

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO (1) PETITIONERS' MOTION FOR FACTUAL RETURNS AND (2) PETITIONERS' MOTION FOR ENTRY OF THE PROTECTIVE ORDER**

Respondents hereby oppose petitioners' motion for an order requiring the submission of a factual return ("Pets' Mot. for Factual Return") (dkt. no. 21), and petitioners' motion for entry of the protective order in this case ("Pets' Mot. for Protective Order") (dkt. no. 22).

As an initial matter, petitioner Mohammed Al Amin, identified as the detainee with Internment Serial Number ("ISN") 706, has a previously-filed petition pending on his behalf as Muhammed Sidii in Sliti v. Bush, No. 05-CV-0429 (RJL). See Supplemental Notice of Multiple Petitions Filed By Guantanamo Bay Detainee (dkt. no. 7). Thus, in the interests of judicial economy, and to avoid potentially inconsistent rulings by different Judges of this Court concerning the habeas claims of one individual,[1] this detainee should not be permitted to pursue

[1] For instance, Judge Leon stayed all proceedings in Sliti v. Bush without requiring respondents to submit factual returns pertaining to the petitioners in that case, including ISN 706. See Sliti, No. 05-CV-0429 (RJL) (dkt. no. 8). Petitioners in this case now seek production of a factual return pertaining to ISN 706 in this case, which could lead to inconsistent rulings on this issue. See Pets' Mot. for Factual Return. Respondents may also be potentially subject to inconsistent rulings concerning a stay of proceedings, potential transfer, and preservation of

multiple petitions for writ of habeas corpus simultaneously. Consequently, this case should be dismissed and the petition for writ of habeas corpus filed on behalf of ISN 706 should proceed in the Sliti case, as appropriate. Indeed, counsel for petitioner in this case entered an appearance on behalf of petitioner Muhammed Sidii in the Sliti case and, because the protective order had already been entered in that case, counsel have visited ISN 706 at Guantanamo Bay in the context of their representation of this detainee in that case. See Pets' Mot. for Protective Order at 2. Therefore, counsel's representation of ISN 706 should continue in the context of the earlier-filed Sliti case, and the later-filed petition on behalf of ISN 706 in this case should be dismissed.

Counsel contend that, during their visit with ISN 706 in the context of the Sliti case, "it became apparent the [the Al Amin] petition was appropriately filed on behalf of petitioner Al Amin" and that counsel "conferred with Respondents regarding the identification of their client, and Respondents do not oppose entry of the protective order on this basis." Pets' Mot. for Protective Order at 2-3 & n.1. To the contrary, respondents oppose entry of the protective order in this case because this case should be dismissed in favor of the earlier-filed petition for writ of habeas corpus pending on behalf of ISN 706 in the Sliti case.

Further, to the extent that counsel dispute the identification of petitioner Muhammed Sidii, described as a Mauritanian in the Sliti case, as ISN 706, the Department of Defense has reviewed its records and cannot locate any detainee other than ISN 706 with a name that matches or sufficiently resembles "Muhammed Sidii." Indeed, ISN 706 is listed as a Mauritanian with the name "Mohammad, Mohammad Lameen Sidi" in a list of Guantanamo Bay prisoners produced by the government in response to Freedom of Information Act requests. See List of Individuals

---

evidence with regard to this detainee.

Detained by the Department of Defense at Guantanamo Bay, Cuba from January 2002 through May 15, 2006 (available at <<http://www.defenselink.mil/pubs/foi/detainees/detaineesFOIArelease15May2006.pdf>>). Thus, absent convincing evidence that determines conclusively that Muhammed Sidii is *not* ISN 706, the petitioner in this case, despite the information contained in the records of the Department of Defense indicating that he *is* ISN 706, this detainee must be considered to have multiple petitions for writ of habeas corpus pending before the Court. Counsel's representation of ISN 706 should proceed in the context of the earlier-filed Sliti case only.

In addition to the fact there is another, earlier-filed petition for habeas corpus pending on behalf of this detainee, respondents object to submission of a factual return and entry of the protective order in this case because the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over this case in the D.C. Circuit. The Act, among other things, amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, id., § 1005(e)(1), and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, id., § 1005 (e)(2), (e)(3). Section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. While the Supreme Court in Hamdan v. Rumsfeld, 548 U.S. —, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006), held that § 1005(e)(1) of the Detainee Treatment Act did not apply to habeas petitions pending prior to the enactment of the Act, it

recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment. Although the petitioner in Hamdan escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3). We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit." Hamdan, 126 S. Ct. at 2769, n.14. The above-captioned case is such a case, i.e., challenging petitioner's designation as an enemy combatant through the Combatant Status Review Tribunal. Given the Act's investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over this case, for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including habeas corpus. Cf., e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in

which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition."). See also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals). Entry of the protective order and ordering the submission of a factual return would require an assertion of jurisdiction and authority in this case inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

    Thus, the Supreme Court's decision in Hamdan has not resolved the issue of whether this Court may exercise jurisdiction in this case in light of the Act. The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al Odah v. United States, No. 05-5064),[2] and additional supplemental briefing on the effect of the Hamdan decision on this issue was

---

[2] Oral argument before the D.C. Circuit was held on March 22, 2006.

completed on August 15, 2006. Accordingly, while the Court should not enter the protective order or require the production of a factual return in this case, at a minimum, a stay of proceedings in this case, including with respect to entry of the protective order and the submission of a factual return, is appropriate pending the resolution of the effect of the Act by the Court of Appeals.[3]

In addition, notwithstanding the significant jurisdictional issues presented by the Act, the Court should not require the production and submission of a factual return in this case because such action involves the disclosure to counsel of classified information, and the preparation of the returns is not an inconsequential task. As an initial matter, requiring respondents to provide to counsel factual returns containing classified information, even where counsel receive such disclosures subject to certain handling restrictions, is not without prejudice to respondents where the issue of whether the Court has any authority to require such disclosure remains pending before the Court of Appeals. Furthermore, with respect to the logistical burdens involved in producing factual returns, each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can

[3] In addition, a stay of proceedings remains appropriate for the separate and independent reason that the substantive issues in these Guantanamo detainee habeas cases, including whether petitioners have constitutional due process rights and, if so, whether the Combatant Status Review Tribunals satisfy any such rights, as well as the type of proceedings to which petitioners may be entitled should the cases proceed in District Court, remain under consideration by the Court of Appeals. The issues were briefed and argued before the Court of Appeals prior to enactment of the Detainee Treatment Act.

range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking.[4]  For these reasons, as well as the fact that the petitioner in this case has another, earlier-filed petition pending in this Court, and the outstanding jurisdictional issues which will be addressed soon by the Court of Appeals, respondents object to production of a factual return in the above-captioned case.

Although respondents maintain that a factual return should not be required at all, if the Court decides to assert jurisdiction notwithstanding the Detainee Treatment Act of 2005 and order the production of a factual return in this case, respondents request that in light of the logistical burdens involved, they been given at least 90 days to submit the factual return.  The review of information in the return described above, that is, to ensure that any information disclosed to counsel is in accordance with all applicable statutes, regulations and Executive Orders, must be conducted.  Furthermore, respondents have recently been ordered to produce

---

[4] The fact that counsel are "planning a trip to Guantanamo to interview Petitioner in September . . . and are also planning a fact finding trip to Petitioner's home in Mauritania," Pets' Mot. for Factual Returns at 1, should not warrant an order requiring that counsel be provided access to a factual return prior to these trips.  As an initial matter, it would be unduly burdensome to key any requirement to produce factual returns to a scheduled or desired visit to Guantanamo Bay or elsewhere by counsel.  There are currently pending nearly 200 Guantanamo habeas cases, involving well over 300 detainees, in which significant numbers of counsel have requested or are requesting factual returns and in which counsel visits are being or likely will be requested.  The logistics of making a factual return and the logistics of arranging counsel visits involve two separate and unrelated undertakings, and the ability to arrange for a visit does not mean that factual returns pertaining to detainees involved in any particular visit can necessarily be completed prior to the visit.  Furthermore, the possibility of return visits to Guantanamo by petitioners' counsel would counter the "need" for a factual return prior to any particular visit, and in any event, counsel is not permitted to share classified information in the return with detainees or other individuals.  See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, ¶ 31 (attached as Exhibit 1 to Pets' Mot. for Protective Order).

over a dozen factual returns in other Guantanamo detainee habeas cases by the end of October. In light of such factors, if the Court determines that the submission of a factual return is appropriate, the Court should grant respondents at least 90 days to produce the factual return in this case, as the Court has granted respondents in other Guantanamo detainee cases. See, e.g., Sarajuddin v. Bush, No. 05-CV-1000 (PLF) (dkt. no. 13); Almerfedi v. Bush, No. 05-CV-1645 (PLF) (dkt. no. 15).

***

For the reasons stated, petitioners' motions for the production of a factual return and entry of the protective order in this case should be denied. Given that petitioner Mohammed Al Amin has a previously-filed petition for habeas corpus pending on his behalf in Sliti v. Bush, No. 05-CV-0429 (RJL), this case should be dismissed and his petition should proceed in the Sliti case, as appropriate.

Dated: September 5, 2006                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            DOUGLAS N. LETTER
                                            Terrorism Litigation Counsel

                                             /s/ Preeya M. Noronha
                                            JOSEPH H. HUNT (D.C. Bar No. 431134)
                                            VINCENT M. GARVEY (D.C. Bar No. 127191)
                                            TERRY M. HENRY
                                            JAMES J. SCHWARTZ
                                            PREEYA M. NORONHA
                                            ROBERT J. KATERBERG
                                            NICHOLAS J. PATTERSON
                                            ANDREW I. WARDEN
                                            EDWARD H. WHITE
                                            Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents