PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMED AL AMIN, *et al.*,<br>    *Petitioners/Plaintiffs*,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br>    *Respondents/Defendants*. | )<br>)<br>)<br>)<br>) Civil Action No. 05-02336 (PLF)<br>)<br>)<br>)<br>)<br>) |

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTIONS
FOR (1) ENTRY OF THE PROTECTIVE ORDER AND (2) FACTUAL RETURNS**

On August 21, 2006, Petitioner moved for the entry of the Amended Protective Order, "Protected Information" Order, and Supplemental Filing Procedures Order (collectively, the "Protective Order") previously entered in the *In re Guantánamo Bay Detainee Cases*, No. 02-0299, *et al.*, by Judge Joyce Hens Green and later entered in every other Guantanamo-related case pending before the District Courts. Petitioner also moved for an order requiring Respondents to issue factual returns, orders that have been granted in, among others, the following cases:

>   *Abdullah v. Bush*, No. 05-0023 (RWR)
>   *Akhtiar v. Bush*, No. 05-1635 (PLF)
>   *Allaheed v. Bush*, No. 05-0833 (JR)
>   *Al Anazi v. Bush*, No. 05-0345 (JDB)
>   *Al Joudi v. Bush*, No. 05-0301 (GK)
>   *Al Mohammad v. Bush*, No. 05-0247 (HHK)
>   *Al-Wazan v. Bush*, No. 05-0329 (PLF)
>   *Ameziane v. Bush*, No. 05-0392 (ESH)
>   *Batarfi v. Bush*, No. 05-0409 (EGS)
>   *Battayav v. Bush*, No. 05-0714 (RBW)
>   *Errachidi v. Bush*, No. 05-0640 (EGS)
>   *Hatim v. Bush*, No. 05-1429 (RMU)
>   *Sharif el-Mashad v. Bush*, No. 05-0270 (JR)

1

Respondents opposed both motions.

**PETITIONER'S MOTION FOR ENTRY OF THE PROTECTIVE ORDER**

Respondents oppose entry of the Protective Order in this case on two grounds, both of which have previously been rejected by this Court.

First, Respondents oppose entry of the Protective Order on the grounds that this Court lacks jurisdiction to enter the Order while appeals are pending the D.C. Circuit Court of Appeals regarding the effect of the Detainee Treatment Act, Pub. L. No. 109-148, 119 Stat. 2680 (2005) ("DTA").[1] The District Courts of this Circuit have uniformly rejected this argument and entered Protective Orders. *E.g., Nasrullah v. Bush*, No. 05-0891 (RBW) (D.D.C. June 12, 2006), Dkt. No. 18, Order at 2-3 (citing cases)); *Khan v. Bush*, No. 05-1491 (JR) (D.D.C. Apr. 12, 2006); *Razakah v. Bush*, No. 05-2370 (EGS) (D.D.C. Mar. 17, 2006).

In fact, this Court has previously rejected this argument and ordered the entry of the Protective Order in circumstances indistinguishable from the circumstances in this case. In *Al Salami v. Bush*, this Court held that "Detainees' right to meet with counsel under the Protective Order is independent of the (still-unresolved) question of the Court's jurisdiction to rule on their *habeas* petition." No. 05-2452 (PLF) (D.D.C. Apr. 13, 2006), Dkt. No. 12, Order at 1.

---

[1] Because this question is pending at the Court of Appeals and this Court need not reach it in order to resolve this motion, Petitioner simply notes that Respondents strained reliance on Hamdan footnote 14 is misplaced: Petitioner is challenging the basis of his indefinite detention, invoking the full breadth of inquiry permitted at common law and codified by 28 U.S.C. § 2241, not the "validity" of any final decision by a Combatant Status Review Tribunal pursuant to DTA § 1005(e)(2). The Supreme Court has now held both that Guantanamo prisoners may bring such *habeas* challenges, *see Rasul v. Bush*, 542 U.S. 466, 485 (2004), and that the DTA did not strip that right, *see Hamdan v. Rumsfeld*, 126 S. Ct. 2749, 2769 (2006).

2

Similarly, in *Adem v. Bush*, Magistrate Judge Kay[2] entered the Protective Order in that case, holding "[t]he issues raised by Adem's motion seeking access to counsel pursuant to the Amended Protective Order do not implicate any of the jurisdictional questions currently pending in the D.C. Circuit." *Adem v. Bush*, 425 F. Supp. 2d 7, 19 (2006). *Adem* further noted that Counsel for other detainees continue to visit their clients according to the terms of the Protective Order and that "were counsel for a detainee alleged to have violated the Protective Order, the Court has no doubt that Respondents would seek relief immediately." *Id.* (also noting that a protective order is "always subject to the inherent power of the district court", *id.* at 20); *see also Al-Khalaqi v. Bush*, No. 05-0999 (RBW) (D.D.C. June 15, 2006), Dkt. No. 26, Order at 2 (Entering Protective Order and noting that Respondents' willingness to consent to entry of the Protective Order in a number of cases after the effective date of the DTA "undermines their contention that the Court cannot or ought not enter an order affording the petitioner access to counsel").

Respondents fail to even mention this authority and cite no contrary decisions.

Second, Respondents contend that a protective order should not be entered in this case because of their confusion as to the identity of Mr. Al Amin, despite previously informing counsel that they would not object on that ground, if counsel contacted the attorney in the *Sliti*

---

[2]    In November, 2005, this Court's Calendar and Case Management Committee, referred "all Motions pertaining to interpretation or construction of any protective order which has been entered in any of the [Guantanamo Bay *habeas*] cases" as well as "all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel" to Magistrate Judge Alan Kay for consideration. *E.g., Aziz v. Bush*, No. 05-0492 (JR) (D.D.C. Nov. 2, 2005) Dkt. No. 26, Order at 44-45.

3

Case 1:05-cv-02336-UNA    Document 26    Filed 09/15/2006    Page 4 of 8

action and requested that Mr. Sliti's counsel dismiss Mr. Sidii from that case. Counsel has done so.[3]

Contrary to Respondents' assertions, Mr. Al Amin does not have a previously filed petition pending in any other court and is not pursuing multiple claims simultaneously. As explained more fully in the Response to Notice of Multiple Petitions filed concurrently, counsel was permitted by Respondents to visit a detainee identified as ISN 706, to determine his identity.[4] The man counsel visited stated that his name is Mohammed Al Amin, as counsel for Petitioner had recorded in Petitioner Al Amin's petition for writ of *habeus corpus*. *See* Decl. of Agnieszka Fryszman, attached as Ex. 1.

Mr. Al Amin has not authorized any other action to be filed on his behalf other than the one pending in Civil Action No. 05-2336 (PLF). *Id.* In the four years that he has been detained at Guantanamo, Mr. Al Amin has never been visited by any other attorney. *Id.* No attorney acting on behalf of the *Sliti* petitioners has visited or corresponded with Mr. Al Amin. Thus, Respondents' unsupported assertion that Mr. Al Amin is pursuing multiple habeas petitions cannot be credited.

---

[3]     *Sliti* counsel expressed concerns that Respondents have repeatedly misidentified their clients. Indeed, Respondents previously misidentified Petitioner as Ahmed Abdul Aziz in their First Notice of Duplicate Petitions. *Amin v. Bush*, No. 05-2336, Dkt. No. 4. Respondents subsequently abandoned this assertion. Amin, Dkt. No. 7 at 2 ("The prior identification of petitioner Mohammed Al Amin as Detainee ISN 757 [Aziz] should be disregarded."). This repeated misidentification of detainees casts doubt on Respondents' current assertions.

[4]     Respondents required counsel in this case to agree to abide by the Protective Order and to enter an appearance in the *Sliti* case, pending proper identification of their client, in order to make the initial visit to Guantanamo. Counsel complied, with the understanding that this petition would go forward if they determined it was properly filed, and not a duplicate, and specifically made that reservation in their limited entry of appearance in that case. Mr. Al Amin is not represented in the *Sliti* action and has not authorized representation in that action.

During counsel's visit with Mr. Al Amin, he authorized the undersigned counsel to represent him in his Petition. *See id.* at Ex.A. Consequently, this petition should be transformed from a next friend petition to a direct petition. *See, e.g., Adem*, 425 F Supp. 2d at 23 ("[o]nce counsel meet with the detainee directly, and obtain authorization of representation, the case is converted into a direct petition").

Because neither of Respondent's objections have merit, the Protective Order should be entered in this case, as it has in every other Guantanamo-related case.

**PETITIONERS' MOTION FOR FACTUAL RETURNS**

Recognizing that almost all of the judges of the District Court, including this Court, who have decided such motions have ordered Respondents to provide factual returns, Respondents only half-heartedly reassert their jurisdictional argument in opposition to providing factual returns, and ultimately request that they be given 90 days to produce the returns.

As Respondents apparently recognized, the District Courts have uniformly rejected Respondents' arguments that the dispute over the effect of the DTA prevents courts from ordering the production of factual returns, holding, for example, "[t]he fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. ... Finally, the government's generic references to the expenditure of its resources and a 'logistical burden' ... does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task." *Hatim v. Bush*, No. 05-1429 (D.D.C. Aug.

5

22, 2005), Dkt. No. 16, Order at 3; *see also Al-Adahi v. Bush*, No. 05-0280 (GK) (D.D.C. Apr. 29, 2005), Dkt. No. 35, Order at 2 n.1 (ordering production of factual returns so counsel "can begin preparing their defense well in advance of any ruling by the Court of Appeals"); *Al-Ananzi v. Bush*, No. 05-0345 (D.D.C. Apr. 21, 2005), Dkt. No. 22, Mem. Op. at 20 (rejecting argument that production of factual returns should await D.C. Circuit decision as "factual returns appear necessary for petitioners' counsel effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information").[5]  Courts have also rejected Respondents' arguments regarding burden. *Id.*

Respondents do not contest this authority.

Prompt production of the factual returns are crucial in this case where all the available information, including statements made by investigators to Mr. Al Amin and a CSRT report discovered on the internet, indicate that there is no basis for Mr. Al Amin's continued detention. As noted in their opening brief, Mr. Al Amin has not been interrogated in over a year, and was repeatedly informed that his interrogators did not believe he had any connection to terrorist acts. Amnesty International has highlighted his case as an example of the problems at Guantanamo.

---

[5]     *See also Zalita v. Bush*, 05-CV-1220 (RMU) (D.D.C. July 29, 2005) (minute order); *Al-Hela v. Bush*, 05-CV-1048 (RMU) (D.D.C. June 9, 2005) (Dkt. No. 16); *Tumani v. Bush*, 05-CV-0526 (RMU) (D.D.C. Apr. 19, 2005) (Dkt. No. 6); *Qayed v. Bush*, 05-CV-0454 (RMU) (D.D.C. Apr. 19, 2005) (Dkt. No. 5); *Al Oshan v. Bush*, 05-CV-0520 (RMU) (D.D.C. Mar. 22, 2005) (Dkt. No. 8); *Batarfi v. Bush*, 05-CV-0409 (EGS) (July 20, 2005) (minute order); *Al-Wazan v. Bush*, 05-CV-0329 (PLF) (June 14, 2005) (Dkt. No. 37*); Battayav v. Bush*, 05-CV-0714 (RBW) (May 19, 2005) (Dkt. No. 12); *Al Mohammad v. Bush*, 05-CV-0247 (HHK) (Apr. 30, 2005) (Dkt. No. 18); *Al Joudi v. Bush*, 05-CV-0301 (GK) (Apr. 29, 2005) (Dkt. No. 26); *Al-Anazi v. Bush*, 05-CV-0345 (JDB) (Apr. 21, 2005) (Dkt. No. 21); *Ameziane v. Bush*, 05-CV-0833 (ESH) (Apr. 12, 2005) (Dkt. No. 12); *Abdullah v. Bush*, 05-CV-0023 (RWR) (Apr. 8, 2005) (Dkt. No. 24); *El-Mashad v. Bush*, 05-CV-0270 (JR) (Apr. 7, 2005) (Dkt. No. 29).

As Respondent essentially concedes, it is appropriate to order the production of factual returns in this case and Petitioner respectfully urges the Court to require production in less than the three months requested by Respondent.

## CONCLUSION

For the above reasons, Petitioner's Motion for Entry of the Protective Order and Motion for Factual Returns should be granted.

Dated:    September 15, 2006

Respectfully submitted,

Counsel for Petitioners:

/s/ Agnieszka Fryszman

Michael D. Hausfeld (DC 153742)
Agnieszka M. Fryszman (DC 459208)
Avi S. Garbow (DC 445399)
Matthew K. Handley (DC 489946)
**Cohen, Milstein, Hausfeld & Toll, P.L.L.C.**
1100 New York Ave, N.W., Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

John Holland (CO 5246)
Anna Cayton-Holland (CO 35811)
**Law Offices of John Holland**
2150 W. 29th Ave, Suite 500
Denver, CO 80211